Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| AFINA LLC<br><br>PETICIONARIOS<br><br>V.<br><br>REC & ASSOCIATES LLC., RAFAEL EMMANMUELLI COLÓN, SU ESPOSA, DIANA M. TULIER SANTIAGO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>RECURRIDOS | TA2026CE00152 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: SJ2025CV01020 PO2025CV01047<br><br>Sobre: Incumplimiento de Contrato; Daños por Incumplimientos y otros |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de febrero de 2026.

Comparece ante nos, Afina LLC ("Afina"); Felipe J. Crespo Claudio ("señor Crespo"); su esposa, Mayra I. Morales Díaz ("señora Morales"); y la Sociedad Legal de Bienes Gananciales compuesta por ambos, (en adelante, en conjunto, "el matrimonio Crespo–Morales"), y en lo sucesivo, en referencia conjunta a esta parte, "los peticionarios"). Solicitan nuestra intervención para que dejemos sin efecto la *"Resolución"* emitida el 18 de diciembre de 2025 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante esta, el foro primario declaró *No Ha Lugar* la *"Moción Solicitando Desestimación bajo la Regla 10.2(5) de Procedimiento Civil,"* presentada por Afina, en un pleito civil consolidado en el que también figuran como partes, REC & Associates, LLC ("REC"); Rafael Emmanuelli Colón ("señor Emmanuelli"); su esposa, Diana M. Tulier Santiago ("señora Tulier"); y la Sociedad Legal de Bienes Gananciales compuesta por ambos, (en adelante, en conjunto, "el matrimonio Emmanuelli- Tulier"), y en lo sucesivo, en referencia conjunta a esta parte, "los recurridos").

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del recurso de *certiorari* presentado.

**I.**

El recurso ante nuestra consideración consta de varias causas de acción que fueron consolidadas por el foro recurrido en los casos de designación alfanumérica SJ2025CV01020 y PO2025CV01047. A continuación, expondremos una síntesis procesal de los hechos atinentes a la controversia que hoy nos ocupa.

El 5 de febrero de 2025, Afina instó una reclamación en contra de los recurridos, bajo el caso de designación alfanumérica SJ2025CV01020. En apretada síntesis, aseveró que pactó una relación contractual con la referida parte y éstos incumplieron con la misma. Por consiguiente, peticionó una indemnización en daños contractuales.[1]

Así las cosas, el 22 de abril de 2025, los recurridos presentaron una *"Demanda"* en el caso PO2025CV01047. Relataron, que el matrimonio Emmanuelli-Tulier contactó al matrimonio Crespo-Morales a los fines de venderles su compañía REC. Alegaron que, durante el proceso de la compraventa, Afina y el matrimonio Crespo-Morales tuvieron acceso a todos los libros de REC; documentos de clientes; e información de la operación de la empresa. Además, sostuvieron que las partes acordaron el precio de compraventa en la cantidad de $200,000.00, suma que se pagaría en treinta y nueve (39) plazos en un periodo de tres (3) años.

Como parte de los acuerdos pactados, esgrimieron que la empresa REC sería entregada al matrimonio Crespo-Morales mediante una transición gradual. Durante el periodo de transición, según arguyeron, el señor Emmanuelli presentaría al señor Crespo a los clientes de REC y mantendría la relación con dichos clientes mientras el señor Crespo obtenía la confianza de éstos. Sin embargo, aseveraron que el señor

---

[1] El 15 de abril de 2025, los recurridos presentaron *"Contestación a Demanda y Reconvención"*. A través de la alegación responsiva negaron que hayan incurrido en incumplimiento contractual. En cuanto a la reconvención, levantaron alegaciones similares a las aseveraciones de incumplimiento doloso vertidas en la *"Demanda"* del caso PO2025CV01047.

Crespo realizó el menor esfuerzo para lograr una transición adecuada. Sobre el particular, adujeron que el aludido señor no preparó la planilla de muchos clientes, lo cual trastocó el flujo de efectivo de REC.

Asimismo, sostuvieron que Afina y el matrimonio Crespo-Morales no cumplieron con pagarle al señor Emmanuelli los noventa y cinco dólares ($95.00) acordados por cada hora trabajada; facturaron trabajos no realizados; y el señor Crespo mostró desinterés en obtener la confianza de los clientes de REC. Ante ello, instaron en contra de Afina y el matrimonio Crespo-Morales una acción por incumplimiento contractual doloso. A través de esta, solicitaron indemnización en daños económicos y angustias mentales.

Posteriormente, el 19 de mayo de 2025, el foro primario notificó una *"Resolución de Consolidación"* en la que consolidó el caso PO2025CV01047 con el caso SJ2025CV01020.

Acto seguido, el 2 de junio de 2025, Afina presentó *"Moción Solicitando Desestimación bajo la Regla 10.2(5) de Procedimiento Civil."* Aseveró, que el contrato objeto de litigio fue pactado por dos personas jurídicas, que son Afina y REC. Adujo, que los representantes de Afina – el matrimonio Crespo-Morales – no responden en su carácter personal por los aducidos incumplimientos contractuales levantados por los recurridos. Así pues, solicitó la desestimación de la *"Demanda"* al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Esgrimió, que las alegaciones de dicha *"Demanda"* van dirigidas a Afina y no hacia el matrimonio Crespo-Morales.

En respuesta, el 24 de junio de 2025, los recurridos presentaron *"Oposición a Moción de Desestimación."* Sostuvieron, que contrario a lo argüido por Afina, el matrimonio Crespo-Morales tenía deberes expresos y dimanantes de la naturaleza del contrato e incumplieron dolosamente con las obligaciones establecidas. Además, aseveraron, que las alegaciones contenidas en la *"Demanda"* justifican la concesión de un remedio, por lo cual su causa de acción no debe ser desestimada.

En atención de los escritos presentados, el 19 de diciembre de 2025, el foro primario notificó la *"Resolución"* que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* la *"Moción Solicitando Desestimación bajo la Regla 10.2(5) de Procedimiento Civil,"* presentada por Afina.

En desacuerdo, oportunamente el 7 de enero de 2026, Afina presentó *"Moción Solicitando Reconsideración a Resolución Docket 45."* El 9 de enero de 2026, el foro primario notificó que declaró *No Ha Lugar* la petición de reconsideración.

Aun en desacuerdo, el 9 de febrero de 2026, los peticionarios presentaron ante este Tribunal un recurso de *certiorari.* Mediante esta, esbozaron el siguiente señalamiento de error:

Erró el TPI al no Desestimar la Demanda incoada al amparo de la Regla 10.2(5) de Procedimiento Civil.

En la misma fecha, presentaron una *"Moción en Auxilio de Jurisdicción",* a los efectos de solicitarnos que ordenemos la paralización de los procesos ante el foro primario mientras esta Curia resuelve la presente controversia. Al siguiente día, este Tribunal notificó una *"Resolución"* mediante la cual declaramos *No Ha Lugar* la paralización peticionada.

Transcurrido el termino de diez (10) días dispuesto en la Regla 37 del Tribunal de Apelaciones para presentar oposición al auto de *certiorari,* procedemos a resolver el recurso ante nuestra consideración sin el beneficio de la comparecencia de los recurridos. Véase, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 60, 215 DPR __ (2025).

## II.

### A. Recurso de *Certiorari:*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec.

3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR __ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B. Desestimación al amparo de la Regla 10.2(5)**:

La Regla 10.2 de las Reglas de Procedimiento Civil, establece que antes de presentar una alegación responsiva, la parte demandada puede instar una moción en la que solicite la desestimación de la demanda

instada en su contra. *Aut. de Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). En lo pertinente, la referida regla dispone que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) Falta de jurisdicción sobre la materia; (2) Falta de jurisdicción sobre la persona; (3) Insuficiencia del emplazamiento; (4) Insuficiencia del diligenciamiento del emplazamiento; (5) **Dejar de exponer una reclamación que justifique la concesión de un remedio;** (6) Dejar de acumular una parte indispensable. 32 LPRA Ap. V., R.10.2.

Conforme establece el inciso (5) de la precitada regla se podrá solicitar la desestimación de una demanda por el fundamento de que ésta no esboza una reclamación que justifique la concesión de un remedio. Regla 10.2 (5) de las Reglas de Procedimiento Civil, *supra*. Es decir, lo que se impugna es la suficiencia jurídica de las alegaciones para obtener algún remedio legal, no la veracidad de lo alegado, ni la capacidad del demandante para probarlo.

Al adjudicar una moción a base de este fundamento los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc.* y otro, 2025 TSPR 1; *Costas Elena y otros v. Magic Sport* y otros, 213 DPR 523, 534 (2024); *López García v. López García*, 200 DPR 50, 69 (2018). En particular, el tribunal debe tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Accurate Sols v. Heritage Environmental*, 193 DPR 423, 433 (2015). Ello es así ya que, lo que se ataca con esta moción es un vicio intrínseco de la demanda, no los hechos aseverados. *Íd.*

Entonces, para que proceda una moción de desestimación, la parte demandada tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. (Citas omitidas). *Rivera, Lozada v.*

*Universal,* 214 DPR 1007, 1023 (2024); *López García v. López García,* supra. No procede la desestimación si la demanda es susceptible de ser enmendada. *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135, 1150 (2024); *Accurate Sols. v. Heritage Environmental*, supra*; Aut. de Tierras v. Moreno & Ruiz Dev. Corp.*, supra. Solo en casos extremos, se debe privar a un demandante de su día en corte. *Íd.*

### III.

Los peticionarios recurren de una resolución interlocutoria, mediante la cual el foro primario denegó su solicitud de desestimar la *"Demanda"* instada por los recurridos. Los peticionarios alegan que las alegaciones vertidas en dicha *"Demanda"* son insuficientes para justificar la concesión de un remedio.

Según expuesto, los tribunales tienen la facultad de desestimar una causa de acción cuando la demanda incoada deja de exponer una reclamación que justifique la concesión de un remedio. Sin embargo, ello no se efectúa de manera automática. Antes de declarar la procedencia de una desestimación al amparo de la Regla 10.2(5), *supra*, los tribunales debemos examinar las alegaciones expuestas en la demanda. En este proceso se toman como ciertos todos los hechos bien alegados en la demanda y se consideran de la forma mas favorable a la parte reclamante. Ello, dado que solo en casos extremos se debe privar a un demandante de su día en corte. Es importante precisar, que solo procederá la desestimación peticionada cuando el demandante no tenga derecho a remedio alguno bajo cualquier estado de derecho que pueda probar en apoyo a su reclamación.

Al examinar el asunto que hoy nos ocupa, determinamos denegar la expedición del auto de *certiorari* de epígrafe. Es sabido, que la expedición de un recurso de *certiorari* descansa en la sana discreción de este Tribunal. Así pues, al evaluar los parámetros de la Regla 40, *supra*, concluimos que el presente recurso no reúne los criterios necesarios para inclinar nuestra discreción hacia su expedición. La decisión recurrida no

es contraria a derecho ni proviene de una adjudicación prejuiciada o parcializada.

Cabe señalar, que la presente determinación se circunscribe a atender el asunto expuesto ante nuestra consideración, y en nada prejuzga los méritos de las reclamaciones incoadas.

**IV.**

Por los fundamentos expuestos, *denegamos* la expedición del auto de *certiorari* presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones